# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Gentry Technology of South Carolina, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:11-cv-01232-JMC |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Baptist Health South Florida, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Gentry Technology of South Carolina, Inc. ("Plaintiff") filed the instant action on May 20, 2011, alleging state law claims against Defendant Baptist Health South Florida, Inc. ("Defendant") and asserting federal court jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. (ECF No. 1.) This matter is before the court on Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). (ECF No. 71.) For the reasons set forth below, the court **GRANTS** Defendant's motion to dismiss for lack of subject matter jurisdiction.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On April 1, 2007, the parties entered a contract[1] whereby Plaintiff agreed to provide a digital satellite distribution system ("DSDS") to Defendant at Defendant's Miami location. (ECF No. 1 at 2.) The DSDS allowed Defendant to acquire, receive, and distribute programming services at its hospital facilities. (*Id.*) The agreement was for a three-year term, effective retroactively as of October 1, 2006, and renewing for three successive three-year terms unless one of the parties provided written notice of termination ninety days prior to the expiration of each term. (*Id.*) The contract was automatically renewed on October 1, 2009. (*Id.*) Both

---

[1] The parties agreed to an amended contract on January 1, 2008. (ECF No. 1 at 2.)

1

Plaintiff and Defendant contend that the contract was materially breached by the opposing party subsequent to its renewal. (*Id.* at 3–4; ECF No. 71-2 at 2–3.)

On June 10, 2010, Plaintiff filed a lawsuit in Florida state court against Defendant alleging breach of contract and replevin. (ECF Nos. 9-4, 9-5.) In that lawsuit, Plaintiff stated it was a foreign South Carolina corporation with its principal place of business in Sarasota County, Florida. (ECF No. 9-4 at 2.) Plaintiff voluntarily dismissed the suit in Florida state court on May 17, 2011, (ECF No. 9-5), and filed the instant action in this court on May 20, 2011, (ECF No. 1).

Plaintiff asserts federal jurisdiction on the basis of diversity. (*Id.* at 1.) Specifically, Plaintiff states that it is a corporation organized under South Carolina law with its principal place of business in South Carolina. *Id.* Plaintiff explains that Defendant is a non-profit corporation in Florida with its principal place of business in Miami-Dade County, Florida. *Id.* Plaintiff alleges state law claims of breach of contract and unjust enrichment against Defendant, and asserts damages in excess of $75,000. (ECF No. 1.) On July 5, 2011, Defendant moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction or, in the alternative, to transfer venue to the District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). (ECF No. 9.) In an order dated March 13, 2012, Judge Terry Wooten denied Defendant's motion.[2] (ECF No. 17.)

On December 19, 2013, Defendant moved to dismiss for lack of subject matter jurisdiction. (ECF No. 71.) Plaintiff filed a response in opposition to Defendant's motion on January 13, 2014. (ECF No. 77.) Defendant filed a reply to Plaintiff's response on January 24,

---

[2] This case was reassigned to the undersigned on January 8, 2013. (ECF No. 45.)

2014. (ECF No. 78.) The court held a hearing regarding Defendant's motion to dismiss on April 2, 2014. (ECF No. 89.)

## LEGAL STANDARD

**Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. *See id.* The court bases its review of jurisdiction on the state of affairs that existed at the time the action was filed. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004). The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) ("[A] party seeking to adjudicate a matter in federal court must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter."). "When, as here, a defendant challenges the existence of subject matter jurisdiction in fact, the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence." *United States ex rel. Vuyyuru v. Jaddhav*, 555 F.3d 337, 347 (4th Cir. 2009).

In evaluating a defendant's challenge to subject-matter jurisdiction, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The court must then resolve factual disputes as to its jurisdiction, so long as the jurisdictional facts are sufficiently distinct from the issues on the merits of the claim. *Vuyyuru*, 555 F.3d at 348.

**Diversity Jurisdiction and the Nerve Center Test**

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the matter in controversy equals or exceeds $75,000 and that there be complete diversity of citizenship of the parties. 28 U.S.C. § 1332(a). For purposes of diversity, a corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c). In determining a corporation's principal place of business, federal courts have historically utilized divergent criteria. *Hertz Corp. v. Friend*, 559 U.S. 77, 90 (2010). However, in *Hertz Corp. v. Friend*, the Supreme Court definitively announced that the "nerve center" test should be applied to the question of where a corporation has its principal place of business. *Id.* at 92–93.

The nerve center test defines a corporation's principal place of business as "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* The Supreme Court further explained that often the nerve center will be the place where the corporation maintains its headquarters, *id.* at 93, but emphasized that courts must ensure that the nerve center is the *actual* place where direction and control are taking place, *id.* at 97.

## DISCUSSION

Defendant, a Florida citizen, contends that the court is without diversity jurisdiction because at the time of the filing of this action on May 20, 2011, Plaintiff was a citizen of Florida. (ECF No. 71 at 1.) As evidence, Defendant set forth an application dated January 29, 2010, by which Plaintiff registered to do business in Florida. (ECF No. 71-1 at 26–29.) On that application, Plaintiff listed a Sarasota, Florida address as its principal office address and its current mailing address. (*Id.* at 28.) Plaintiff also listed Robert Taylor as its sole director (chairman) and its sole officer (president). (*Id.* at 29.)

4

Defendant presented evidence that Robert Taylor was a citizen of Florida at the time the instant action was filed. In his deposition, Taylor testified that he was living and residing in Sarasota, Florida in May of 2011. (*See id.* at 4–5.) In annual reports to the Florida Secretary of State from January 2011 until May 2013, Plaintiff listed Robert Taylor as its registered agent whose address was in Sarasota, Florida. (ECF No. 78-2.) In June of 2011, the month following the date this action was filed, Robert Taylor filed a petition for the dissolution of marriage in Florida state court. (ECF No. 78-3.) In that petition, Taylor stated that he had been a resident of Florida for more than six months prior to filing the petition. (*Id.* at 2.) Robert Taylor maintained voter registration in Sarasota County, Florida from January 2010 through 2012 and voted in the Florida November 2012 general election. (ECF No. 78-5.) Florida issued Taylor a driver's license in January of 2010 which he retained until June of 2013. (ECF No. 78-8.)

Under the nerve center test, the court finds Defendant's evidence convincing that on the date this action was filed (May 20, 2011), Plaintiff's sole director and officer Robert Taylor controlled Plaintiff from Florida. The court further finds that the evidence Plaintiff has submitted in rebuttal has fallen short of its burden to prove by a preponderance that Taylor directed Plaintiff's activities from South Carolina.[3] Therefore, the court finds this action lacked complete diversity on the date it was filed and consequently, the court lacks subject matter jurisdiction over this case.

---

[3] Plaintiff has submitted an affidavit contradicting his deposition testimony that he resided in Florida during a time period inclusive of May 2011 and stating that he was physically in South Carolina during the time periods that he directed and controlled the company. (*See* ECF No. 77-1 at 3.) Plaintiff also submitted an affidavit from his friend which stated that Taylor stayed with her and her husband in South Carolina in early 2011, but the affidavit makes no specific reference to May 2011. (*See* ECF No. 77-3.) Lastly, Plaintiff submitted medical records from a South Carolina physician which show he received some medical treatment throughout 2008 through 2013 in South Carolina. (ECF No. 77-4.) However, the records show a gap in treatment from August 2010 through September 2011 and as such, are not conclusive of whether Taylor was living in and directing Plaintiff from South Carolina in May 2011. *See id.* at 20–21.

**CONCLUSION**

For the foregoing reasons, the court **GRANTS** Defendant's motion to dismiss for lack of subject matter jurisdiction. (ECF No. 71.) This action is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

May 21, 2014
Columbia, South Carolina

6